NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERESA URCINO, | No. 25-738 |
| Petitioner, | Agency No. A076-726-550 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 17, 2025[**]

Before:    SILVERMAN, OWENS, and BRESS, Circuit Judges.

Teresa Urcino, a native and citizen of Mexico, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her applications for withholding of removal

and protection under the Convention Against Torture ("CAT"). Our jurisdiction is

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review petitioner's challenge to the agency's dispositive particularity finding regarding her proposed particular social group. *See* 8 U.S.C. § 1252(a)(2)(C); *Nasrallah v. Barr*, 590 U.S. 573, 576 (2020) ("[F]or cases involving noncitizens who have committed [a covered] crime . . . judicial review [extends to] constitutional and legal challenges to the final order of removal, but not [to] factual challenges."); *Coria v. Garland*, 114 F.4th 994, 1003 n.3 (9th Cir. 2024) (denials of asylum and withholding of removal are subject to § 1252(a)(2)(C)); *see also Macedo Templos v. Wilkinson*, 987 F.3d 877, 882 (9th Cir. 2021) (particularity reviewed for substantial evidence as a factual finding).

Petitioner's political opinion claim is not properly before the court because she did not raise it before the BIA. *See* 8 U.S.C. § 1252(d)(1) (administrative remedies must be exhausted); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is not jurisdictional).

Thus, petitioner's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT protection because petitioner failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See*

*Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

In light of this disposition, we need not reach petitioner's remaining contentions regarding the merits of her claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

The temporary stay of removal remains in place until the mandate issues. The motion to stay removal is otherwise denied.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**